**In re Jane DOE 16–A, Appellant.**

**No. 1D16–5264.**

District Court of Appeal of Florida, First District.

Nov. 28, 2016.

James F. Turner, Jr., of James Turner Law Firm, LLC, Milton, for Appellant.

ROBERTS, C.J.

The appellant, a minor, seeks review of the circuit court's order dismissing her petition for judicial waiver under section 390.01114, Florida Statutes (2016), which requires a physician to notify a minor's parent or legal guardian before performing an abortion on the minor. A minor may petition a circuit court to waive the notification requirement on three grounds, two of which were asserted in the appellant's petition below. Subsection (4)(c) provides for a waiver if the circuit court finds, by clear and convincing evidence, that the

minor is sufficiently mature to decide whether to terminate the pregnancy. In making that determination, the court must consider:

1. The minor's:
a. Age.
b. Overall intelligence.
c. Emotional development and stability.
d. Credibility and demeanor as a witness.
e. Ability to accept responsibility.
f. Ability to assess both the immediate and long-range consequences of the minor's choices.
g. Ability to understand and explain the medical risks of terminating her pregnancy and to apply that understanding to her decision.
2. Whether there may be any undue influence by another on the minor's decision to have an abortion.

§ 390.01114(4)(c), Fla. Stat. (2016).

Subsection (4)(d), also asserted in the appellant's petition, provides for waiver if the circuit court finds, by clear and convincing evidence, that the "notification of a parent or guardian is not in the best interests of the petitioner." § 390.01114(4)(d), Fla. Stat. (2016). The minor bears the burden of persuasion and, absent a judicial finding in her favor, the circuit court is required to dismiss the petition. *See In re Doe 13–A,* 136 So.3d 723, 734 (Fla. 1st DCA 2014) (Makar, J., dissenting).

After reviewing the appellant's petition and holding a hearing, the circuit court denied the appellant's request for judicial waiver and dismissed the petition. The circuit court's order discussed and made supportable findings with regard to all of the factors it was required to consider under subsection (4)(c), most of which involved determinations of the minor's demeanor that only a circuit court can make.

Based on those findings, the court ruled that the minor "has not demonstrated by clear and convincing evidence that she is sufficiently mature to decide whether to terminate her pregnancy." The circuit court also considered the appellant's assertion that notification would not be in her best interest, concluding that the appellant had "established nothing more than a generalized fear of telling her parents." *See In re Doe,* 973 So.2d 548, 553 (Fla. 2d DCA 2008). The circuit court correctly determined that grounds for waiver under subsection (4)(d) had not been met.

 After her petition was denied, the appellant exercised her right to appeal under subsection (4)(b)2. Notably, only a denied petition may be reviewed on appeal; a petition that is granted is not subject to appellate review. § 390.01114(4)(g), Fla. Stat. (2016). In considering the denial of a petition for judicial waiver, this Court looks to whether the circuit court abused its discretion and may not reweigh the evidence presented below in order to reach a different result from the circuit court. § 390.01114(4)(b)2., Fla. Stat. (2016). Our review on appeal is highly deferential to the circuit court, due, in large part, to the confidential, non-adversarial nature of the proceeding below. The circuit court sits in a far better position to assess a minor's demeanor and credibility than this Court can upon review of the transcribed hearing. *In re Doe 13–A,* 136 So.3d at 733 (Makar, J., dissenting). As such, our review must be confined to whether the circuit court abused its discretion, meaning the circuit court's decision must be found to be "arbitrary, fanciful, or unreasonable" such that no reasonable person could agree with the ruling. *See Canakaris v. Canakaris,* 382 So.2d 1197, 1203 (Fla. 1980). We can find no abuse of discretion here where the circuit court performed its statutory duties under section 390.01114

and concluded that the appellant had failed to demonstrate she was entitled to a judicial waiver.

AFFIRMED.

M.K. THOMAS, J., concurs; MAKAR, J. concurs with opinion.

MAKAR, J., concurring with opinion.

Affirmance is due whether under the more deferential standard of appellate review established by the Legislature in 2011, *see* § 390.01114(4)(b)(2), Florida Statutes, or the more pliant one previously fashioned and applied by Florida appellate courts. *See generally In re Doe 13–A*, 136 So.3d 723 (Fla. 1st DCA 2014) (concurring/dissenting opinions discussing the different standards).[1] The minor's testimony, which was not subject to cross-examination, fell short of the clear and convincing standard required to obtain a judicial order that her parents not be notified she is seeking to terminate her pregnancy (under Florida law, she has the right to seek the medical procedure even if her parents are notified and do not consent); *see* § 743.065, Fla. Stat. (2016). Among many evidentiary deficiencies, the minor did not know what the medical procedure involved (and had no plan if postsurgical complications arose), had accepted little or no responsibility for "anything at all" in her life, and planned on her parents paying for the procedure. The limited evidentiary record paints a portrait of an emotionally overwhelmed young woman lacking sufficient maturity to make this critical decision independent of her parents for whom she expressed only a generalized fear about their possible reaction. On appeal, the "question is only whether a reasonable judge could have reached the conclusion of this trial judge based on the non-adversarial appellate record presented under the über-deferential standard of appellate review. This exercise in appellate restraint requires affirmance." *Id.* at 748 (Makar, J., dissenting).

---

1. For the past three years, the statewide approval rate for judicial grants of petitions has grown from about 89.5% in 2013, to 90.5% in 2014, to 94.7% in 2015. *See* Office of State Ct. Admin., Parental Notice of Abortion Act: Petitions Filed and Disposed by Circuit and County, January through December 2013, 2014 & 2015 (on file with the administration). Correspondingly, the dismissals of petitions have declined from about 10.5% in 2013, to 9.5% in 2014, to 5.3% in 2015. *Id.*